Omid E. Khalifeh, SBN 267340
Ariana Santoro, SBN 300767
Lara A. Petersen, SBN 318475
**OMNI LEGAL GROUP**
2029 Century Park E, Suite 400
Los Angeles, California 90067
Phone:        310.276.6664
Facsimile:    310.305.1550
omid@omnilg.com
ariana@omnilg.com
lara@omnilg.com

Attorneys for Plaintiff,
FOCALLY LLC

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOCALLY LLC, a Delaware limited liability company; and GRAHAM DUGONI, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>WIN ELEMENTS LLC, a California limited liability company; JOHN NGUYEN, an individual; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 5:21-cv-2105<br><br>**PLAINTIFF'S COMPLAINT FOR:**<br><br>**1) WILLFUL PATENT INFRINGEMENT UNDER 35 U.S.C. § 271(A);**<br>**2) INDUCED PATENT INFRINGEMENT UNDER 35 U.S.C. § 271(B);**<br>**3) CONTRIBUTORY PATENT INFRINGEMENT UNDER 35 U.S.C. § 271(C);**<br>**4) UNFAIR COMPETITION UNDER CAL. BUS. & PROF. CODE § 17200** *et seq.*<br><br>**JURY TRIAL DEMAND** |

PLAINTIFFS FOCALLY LLC ("Focally") and GRAHAM DUGONI ("Dugoni" and collectively with Focally, "Plaintiffs") hereby file this Complaint against DEFENDANTS WIN ELEMENTS LLC ("Win Elements"), JOHN NGUYEN ("Nguyen"), and DOES 1 to 10 (collectively, "Defendants"), and allege as follows:

## SUMMARY OF THE ACTION

1. Dugoni is the inventor of an innovative system and apparatus for selectively limiting user control of an electronic device, which is protected by United States Patent No. 9,819,788 (the "Patent"). *See* **EXHIBIT A**.

2. Defendants have willfully and blatantly infringed the Patent by offering for sale, and presumably selling, on at least its website www.winelements.com "Safe Pouch" products ("Infringing Products") having every limitation of at least one claim of the Patent. *See* **EXHIBIT B**.

3. Though Plaintiffs have unsuccessfully attempted to address Defendants' infringement by reaching out to Defendants directly, Defendants have ignored such attempts and persist in their wrongful conduct. Thus, Plaintiffs now seek relief from this Court to resolve this dispute and be compensated for the injury caused by Defendants' unlawful business practices.

## PARTIES

4. Plaintiff Focally LLC is now, and at all times relevant herein was, a Delaware limited liability company, having a principal place of business in San Francisco, California.

5. Plaintiff Graham Dugoni is now, and at all times relevant herein was, an individual, over the age of eighteen, and residing in San Francisco, California.

6. Plaintiffs are informed and believe, and on that basis allege, that Defendant Win Elements LLC is, and at all times relevant herein was, a California limited liability company, having a principal place of business at 53233 Bonica St., Lake Elsinore, California 92532.

7. Plaintiffs are informed and believe, and on that basis allege, that

Defendant John Nguyen is, and at all times relevant herein was, an individual, over the age of eighteen, and residing in Lake Elsinore, California.

8. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES 1 through 10, inclusive (individual a "Doe Defendant" and collectively, "Doe Defendants"), are unknown to Plaintiffs at this time, and Plaintiffs, therefore, sue Doe Defendants by such fictitious names. Plaintiffs will ask leave of Court to amend this Complaint when the same shall have been ascertained. Plaintiffs are informed and believes, and based thereon alleges that each Doe Defendant was responsible intentionally, or in some other actionable manner for the events and happenings referred to herein, which proximately caused injury and damage to Plaintiffs, as hereafter alleged. Any reference to Defendants shall refer to each named Defendant and all Doe Defendants, and to each of them. Any reference to a particular Defendant shall refer to the named Defendant only.

9. Plaintiffs are informed and believe, and on that basis allege, that Defendants are responsible for their acts and for their conduct, which are the true legal causes of the damages herein alleged.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 (federal question), 1338(a) (patent infringement), and 1332 (diversity of citizenship).

11. Personal jurisdiction as to these Defendants is conferred on this Court because Defendants have purposefully availed themselves of the benefits and privileges of transacting business within the State of California. In particular, Defendant Win Elements has its principal place of business in the State of California and Defendant Nguyen is a resident of the State of California.

12. This Court also has personal jurisdiction over Defendants because Defendants have caused injury to Plaintiffs within the State of California and within this judicial district. Defendants have committed and continue to commit unlawful

3

COMPLAINT

acts expressly aimed at Plaintiffs in California, knowing that the brunt of the harm resulting from this conduct will be suffered by Plaintiffs in California.

13. Venue is proper in the Central District of California under 28 U.S.C. § 1391(b) and (c) in that a substantial injury occurred and continues to occur in this District, a substantial part of the subject property is located here, Defendants' conduct has been directed into this District, and a substantial portion of the events that are the subject of this action took place in this District.

## FACTUAL BACKGROUND

14. On April 21, 2015, a utility patent application for "System and Apparatus for Selectively Limiting User Control of an Electronic Device" was filed with the United States Patent and Trademark Office (USPTO). On November 14, 2017, the Patent was duly and lawfully issued by the USPTO as 9,819,788. A true and correct copy of the Patent is attached hereto as **EXHIBIT A**.

15. Dugoni is the sole inventor and the true owner of all righs, title, and interest in the Patent. Dugoni therefore possesses the right to sue for and obtain equitable relief and damages for infringement of the Patent.

16. Focally, through its "Yondr" brand, exclusively markets, manufactures, and distributes the patented system and apparatus in an attempt to create phone-free spaces for artists, educators, organizations and individuals. Yondr's system comprises (and the Patent discloses) a case sized to receive a mobile device and which has a locking means to secure the device and further comprises a means for unlocking the case. In many embodiments, the case may be unlocked upon the occurrence of a predetermined condition, such as physical presence of the case outside of a defined geographical region or the passage of time.

17. Plaintiffs' innovative system and apparatus attracts customers from a variety of fields, including music, comedy, education, legal, as well as others. Notable individuals such as Dave Chappelle, Kanye West, Donald Glover/Childish Gambino, Madonna, Bruno Mars, Ali Wong, Joe Rogan, John Mayer, Chris Rock,

Jennifer Lawrence, and Aziz Ansari as among Plaintiffs' numerous satisfied customers.

18. To further demonstrate the extent of Plaintiffs' success and public recognition, Yondr has been featured in a number of publications and broadcasts with international readership and viewership, respectively, including *The New York Times*, *The Wall Street Journal*, CNBC, *The Guardian*, *The Atlantic*, *Forbes*, *Cosmopolitan*, *Chicago Tribune*, *Wired*, CBS, *Rolling Stone*, *Newsweek*, *The Washington Post*, and *Billboard*, and ABC News.

19. The success and novelty of the Patent has prompted third parties, including Defendants, to manufacture and/or distribute blatant counterfeits of Plaintiffs' innovative system and apparatus to compete with and infringe the Patent.

20. At least as early as October 2021, Defendants began offering for sale, and presumably selling, a "safe pouch" for "creating phone-free classrooms." Similarly, if not identically, to Plaintiffs' Patent, Defendants offer for sale, and presumably sell, a case sized to receive a mobile device and having a locking means for securing the device. Defendants' system also comprises a means for unlocking the case, which may occur under a predetermined condition. *See* **EXHIBIT B** for examples of Defendants' infringement of the Patent.

21. Nguyen is the owner and chief executive officer of Win Elements. Plaintiffs are informed and believe, and on that basis allege, that Nguyen is responsible for directing and controlling the activities and business affairs of Win Elements. Indeed, Nguyen holds himself out as the inventor of the Infringing Products. In addition, Nguyen has personally marketed the Infringing Products.

22. Plaintiffs are informed and believe, and on that basis allege, that Nguyen is the sole manager and member of Win Elements. Plaintiffs are further informed and believe, and on that basis allege, that Nguyen has and continues to utilize Win Elements for the transfer of assets for his own personal benefit. At all times relevant hereto, Nguyen had a personal material financial interest in Win

Elements. As a result, there exists a unity of interest and ownership between Nguyen and Win Elements such that any individuality and separateness between Nguyen and Win Elements has ceased, and Win Elements is nothing more than a shell entity acting as the alter ego of Nguyen.

23. Plaintiffs are informed and believe, and on that basis allege, that adherence to the fiction of the separate existence of Nguyen, on the one hand, and Win Elements, on the other, as distinct from one another would permit an abuse of the corporate privilege and would sanction fraud or promote injustice.

24. Plaintiffs are informed and believe, and on that basis allege, that Nguyen utilized the corporate form of Win Elements to perpetrate a fraud, circumvent statutory law, and accomplish a wrongful and inequitable purpose. In particular, Nguyen has utilized the corporate form of Win Elements to make, offer for sale, and presumably sell, the Infringing Products, despite Nguyen's actual knowledge that the Infringing Products infringe the Patent. In such circumstances, this Court should ignore the corporate entity, under the alter ego doctrine, and deem Win Elements' acts to be those of persons or organizations (namely, Nguyen) actually controlling the corporation.

25. Claim 2 of the Patent is reproduced below:

> A case for selectively limiting a user's ability to control such user's own mobile electronic device, comprising,
> 
> a shell defining a cavity sized to accommodate the user's mobile electronic device and having an opening to receive the user's mobile electronic device therein;
> 
> a locking means for at least partially securing the opening of the shell so that the electronic device is rendered inaccessible to the user, the locking means being further non-disengageable by the user of the mobile electronic device;
> 
> wherein the predetermined condition is the passage of time.

26. Claim 3 of the Patent is reproduced below:

A system for selectively limiting a user's control of such user's own electronic device, comprising

    a case sized to receive the user's mobile electronic device having

        a front and a rear panel each having first and second longitudinally opposed side edges and laterally opposed lower edges,

        the first, second, and lower edges being secured together to define an opening for receiving a mobile electronic device, the case operative to become locked so that the user is unable to access his own mobile electronic device contained therein until a predetermined condition is met;

    a locking means for at least partially securing the opening; and

    means for unlocking the case.

27. The images below depict examples of Defendants' Infringing Products (color and labeling added):





28. The operation of Defendants' Infringing Products can be further understood with reference to a video posted on Vimeo.com by Defendants at the following link: https://vimeo.com/552199052. *See* **EXHIBIT C**.

29. Plaintiffs are informed and believe, and on that basis allege, that Defendants were aware of Plaintiffs' rights before they began their infringing activities. Defendants knowledge is evidenced by their advertisement of a "***patented*** safe pouch," though it is Plaintiffs and not Defendants who hold patent rights to this Infringing Products. Defendants' use and infringement is therefore willful.

30. On or around October 1, 2021, Plaintiffs, through counsel, sent a letter to Plaintiffs that informed Plaintiffs of their infringement of the Patent and demanded that Plaintiffs cease and desist further infringement. *See* **EXHIBIT D** for a true and correct copy of that letter, which was transmitted via United States Postal Service Priority Mail.

31. Plaintiffs are informed and believe, and on that basis allege, that at least on or before October 2021, Defendants had actual notice of Plaintiffs' intellectual property rights.

32. Because no response was received in reply to Plaintiffs' October 1, 2021 letter, on or around November 16, 2021, Plaintiffs, through counsel, resent the

same letter to Defendants. This time, the letter was transmitted via electronic mail as well as via United States Postal Service Priority Mail.

33. As of the current date, no response to Plaintiffs' October 1, 2021 letter has been received.

34. Defendants' Infringing Products was, and has continued to be, marketed, manufactured, distributed, and/or offered for sale in a manner that infringes Plaintiffs' Patent.

35. Defendants have unjustly benefited from copying Plaintiffs' technology for which Plaintiffs took risks and made substantial investment to develop.

36. Defendants' infringement of the Patent and other improper conduct has and continues to cause substantial damage and irreparable harm to Plaintiffs.

## FIRST CLAIM FOR RELIEF

### Willful Patent Infringement – 35 U.S.C. § 271(a)

37. Plaintiffs hereby restate and reallege the allegations set forth in paragraphs 1 through 36 above and incorporate them by reference.

38. On November 14, 2017, the USPTO duly and legally issued the Patent, entitled "System and Apparatus for Selectively Limiting User Control of an Electronic Device." The claims of the Patent carry a presumption of validity under 35 U.S.C. § 282(a) and are enforceable.

39. Dugoni is the owner of the entire right, title and interest in the Patent and possess the right to sue for and obtain equitable relief and damages for infringement of the Patent.

40. Defendants have directly infringed and continue to directly infringe the Patent by making, using, selling, and offering for sale in the United States, and/or importing into the United States the Infringing Products, referred to by Defendants as the "safe pouch," which embodies the invention defined by one or more claims of the Patent, without authority or license from Plaintiffs. More particularly, upon

information and belief, Defendants have infringed and continue to infringe at least Claims 1, 2, and 3 of the Patent because the Infringing Products includes every limitation of Claims 1, 2, and 3.

41. Plaintiffs have complied with the marking and notice requirements of 35 U.S.C. § 287.

42. Plaintiffs are informed and believe, and on that basis allege, that Defendants had actual knowledge of Plaintiffs' rights in the invention claimed in the Patent. Defendants' actions constitute reckless disregard for Plaintiffs' patent rights or otherwise willful and intentional infringement of the Patent.

43. As a direct and proximate result of Defendants' acts of infringement, Defendants have derived and received gains, profits, and advantages in an amount that is not presently known to Plaintiffs.

44. Pursuant to 35 U.S.C. § 284, Plaintiffs are entitled to damages for Defendants' infringing acts and treble damages together with interest and cost as fixed by this Court.

45. Pursuant to 35 U.S.C. § 285, Plaintiffs are entitled to recover Defendants' total profits from Defendants' infringement.

46. Pursuant to 35 U.S.C. § 289, Plaintiffs are entitled to recover Defendants' total profits from Defendants' infringement.

47. Plaintiffs have suffered injury, including irreparable injury, as a result of Defendants' infringement. Plaintiffs are therefore entitled to preliminary and permanent injunctive relief restraining and enjoining Defendants from infringing the Patent.

48. By reason of Defendants' infringement, Plaintiffs are suffering and will continue to suffer substantial damages in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF

### Induced Patent Infringement – 35 U.S.C. § 271(b)

49. Plaintiffs hereby restate and reallege the allegations set forth in

10

COMPLAINT

paragraphs 1 through 48 above and incorporate them by reference.

50. Plaintiffs are informed and believe, and on that basis allege, that Defendants have actively induced infringement, and continue to actively induce infringement, by others of the Patent under 35 U.S.C. §271(b).

51. Defendants' customers directly infringe (literally or under the doctrine of equivalents) at least one of the claims of the Patent when they make, use, offer to sell, or sell the Infringing Products. The customers infringe these claims as shown above with reference to the images in paragraph 27 above.

52. Defendants had actual knowledge of the Patent and its infringement thereof since at least the time it received Plaintiffs' October 1, 2021 letter, attached as **EXHIBIT D** and described in paragraph 30 above. Defendants have knowingly and actively induced customers to directly infringe the Patent with the specific intent to encourage such infringement and Defendants knew (or should have known or were willfully blind) that the induced acts constitute patent infringement. Defendants' inducement includes, for example, providing technical and/or installation guides, hardware specifications, demonstrations, and other actions that induce its customers to directly infringe the Patent.

### THIRD CLAIM FOR RELIEF

### Contributory Patent Infringement – 35 U.S.C. § 271(c)

53. Plaintiffs hereby restate and reallege the allegations set forth in paragraphs 1 through 52 above and incorporate them by reference.

54. Plaintiffs are informed and believe, and on that basis allege, that Defendants have contributorily infringed and continue to infringe the Patent under 35 U.S.C. § 271(c).

55. Defendants have offered to sell, sold, or sell within the United States or import into the United States the Infringing Products. Each Infringing Products is a material part of the invention of at least one of the claims of the Patent. The Infringing Products is not a staple article nor a commodity of commerce suitable for

substantial use that does not infringe at least one of the claims of the Patent.

56. Defendants' customers directly infringe (literally or under the doctrine of equivalents) at least one of the claims of the Patent when they make, use, offer for sale, or sell an Infringing Products. The limitations of at least one claim of the Patent are met by the Infringing Products, as illustrated in the images in paragraph 27 above.

57. Defendants had actual knowledge of the Patent and its infringement thereof since at least the time it received Plaintiffs' October 1, 2021 letter, attached as **EXHIBIT D** and described in paragraph 30 above. Defendants have offered to sell, sold, or imported into the United States the Infringing Products knowing (or should have known or were willfully blind) that such products were especially made or especially adapted for use in an infringement of the Patent and not a staple article or a commoditie of commerce suitable for substantial noninfringing use.

## FOURTH CLAIM FOR RELIEF

### Unfair Competition – Cal. Bus. & Prof. Code § 17200 *et seq.*

58. Plaintiffs hereby restate and reallege the allegations set forth in paragraphs 1 through 57 above and incorporate them by reference.

59. California Business and Professions Code, Section 17200 states, in pertinent part: "...unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code."

60. At all times mentioned herein, Defendants have engaged in "unfair" business practices. Defendants have maliciously disrupted Plaintiffs' business by offering for sale and selling the Infringing Products, which infringes Plaintiffs' Patent. Such acts by Defendants are unlawful.

61. As a direct and proximate result of Defendants' wrongful acts, Plaintiffs have been, are now, and will be irreparable injured and damaged by Defendants'

aforementioned acts. Unless Defendants are enjoined by this Court, Plaintiffs will suffer further harm to its business. This harm constitutes an injury for which Plaintiffs have no adequate remedy at law.

62. Defendants have acted with the intent to disrupt Plaintiffs' business and thus, its acts are willful and intentional.

63. Defendants should be required to restore to Plaintiffs its lost revenue as a result of Defendants' unlawful business acts or to provide Plaintiffs with any other restitutionary relief as the Court deems appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for judgment against Defendants as follows:

A. Entry of a judgment that Defendants have infringed one or more claims of U.S. Patent No. 9,819,788;

B. Entry of a judgment that Defendants willfully and deliberately infringed the Patent;

C. An order preliminarily and permanently restraining and enjoining Defendants, its officers, agents, attorneys and employees, and those acting in privity or concert with Defendants, from engaging in the manufacture, use, offer for sale or sale within the United States, or importation into the United States, of the Infringing Products until after the expiration date of the Patent;

D. An order requiring Defendants to deliver and be impounded during the pendency of this action all material in Defendants' possession, custody, or control that includes or incorporates products that infringe Plaintiffs' patent rights, including but not limited to, any products, containers, packages, labels, and advertisements in their possession or under their control utilizing Plaintiffs' Patent, or any simulation, reproduction, counterfeit, copy, or colorable imitation thereof;

E. An order of an independent accounting of all of Defendants' financial records relating to their infringing activities in order to determine the sums of money

owed to Plaintiffs;

F.	An order requiring Defendants to pay to Plaintiffs all damages or other monetary relief, including but not limited to all gains, profits, and advantages derived by Defendants as a result of Defendants' infringement of the Patent;

G.	An order requiring Defendants to pay to Plaintiffs treble damages and/or exemplary damages because of Defendants' willful conduct pursuant to 35 U.S.C. § 284;

H.	Costs and reasonable attorneys' fees relating to this action pursuant to 35 U.S.C. § 285;

I.	Pre-judgment and post-judgment interest and costs in bringing this action against Defendants; and

J.	Such other and further relief as the Court may deem just and proper.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs request a jury trial of all issues that may be tried to a jury in this action.

RESPECTFULLY SUBMITTED this 17th day of December, 2021.

**OMNI LEGAL GROUP**

/s/ Omid E. Khalifeh
Omid E. Khalifeh
Ariana Santoro
Lara A. Petersen
Attorneys for Plaintiff,
Focally LLC