Omid E. Khalifeh, SBN 267340
Ariana Santoro, SBN 300767
Lara A. Petersen, SBN 318475
**OMNI LEGAL GROUP**
2029 Century Park E, Suite 438
Los Angeles, California 90067
Phone:        310.276.6664
Facsimile:    310.305.1550
omid@omnilg.com
ariana@omnilg.com
lara@omnilg.com

Attorneys for Plaintiff,
YONDR, INC.

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| YONDR, INC., a Delaware corporation,<br><br>          Plaintiff,<br><br>     vs.<br><br>WIN ELEMENTS LLC, a California limited liability company; JOHN NGUYEN, an individual; and DOES 1-10, inclusive,<br><br>          Defendants. | Case No.: 5:21-cv-2105-JGB (KKx)<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11**<br><br>[*Memorandum of Point and Authorities in Support; Declaration of Omid E. Khalifeh; and Declaration of Lara A. Petersen*]<br><br>Hearing Date: September 26, 2022<br>Hearing Time: 9:00 a.m.<br><br>*Hon. Jesus G. Bernal* |

PLEASE TAKE NOTICE that on September 26, 2022 at 9:00 a.m., or as soon thereafter as this matter can be heard, in Courtroom 1 of the United States District Court for the Central District of California, located at 3470 Twelfth Street, Riverside, California, 92501, the Honorable Jesus G. Bernal presiding, Plaintiff Yondr, Inc. ("Plaintiff") will bring a Motion for Sanctions Under Fed. R. Civ. P. 11, awarding sanctions against counsel for Defendants Win Elements LLC and John Nguyen (collectively, "Defendants") for baseless, harassing, and frivolous assertions made continuously throughout the course of this litigation.

Defendants' counsel has violated Rule 11 through at least the following filings:

A. First motion to dismiss (Dkt. 17), which contained legal arguments contravening recent precedent and a shoehorned, but factually inaccurate anti-SLAPP argument;

B. Motion for leave to file the motion to dismiss (Dkt. 18), which was improperly timed because it was filed after the first motion to dismiss (Dkt. 17);

C. Motion to strike Plaintiff's opposition to the motion to dismiss (Dkt. 21), which primarily comprised a legally baseless argument that Plaintiff's opposition (Dkt. 19) violated the formatting requirements of the Local Rules;

D. Meet and confer declaration (Dkt. 32) filed in response to the Court's June 2, 2022 order (Dkt. 29), in which Defendants' counsel blatantly perjured himself by fabricating a dialogue that never transpired; and

E.  Second motion to dismiss (Dkt. 33), which is nearly identical to the first motion to dismiss (Dkt. 17) and therefore, clearly does not reflect an objectively reasonable and competent pre-filing inquiry.

Plaintiff provided Defendants' counsel notice of its intent to seek Rule 11 sanctions if the meet and confer declaration (Dkt. 32) and second motion to dismiss

(Dkt. 17) were not withdrawn within the twenty-one (21) day "safe harbor" pursuant to Rule 11(c)(2). *See* Declaration of Lara A. Petersen ("Petersen Decl.") ¶ 21. On August 4, 2022, Plaintiff's counsel served Defendants' counsel with (1) this Notice; (2) a draft of the Memorandum of Points and Authorities; and (3) the Declarations of Omid E. Khalifeh and Lara A. Petersen. *Id.* Despite receiving notice of Plaintiff's intent to seek sanctions, Defendants' counsel refused to voluntarily withdraw the meet and confer declaration (Dkt. 32) and second motion to dismiss (Dkt. 17) during the safe harbor period, which ended on August 25, 2022. *Id.* ¶ 22. Thus, Plaintiff has proceeded with the filing of this Motion.

Plaintiff requests that this Court impose sanctions pursuant to Rule 11(c)(4) in an amount that will suffice to deter repetition of Defendants' counsel's conduct, including any appropriate nonmonetary directives; an order to pay a penalty to the Court; and an order directing payment to Plaintiff of reasonable attorney's fees and other expenses directly resulting from these violations.

Plaintiff's Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Declarations of Omid E. Khalifeh and Lara A. Petersen, the pleadings, papers and records on file in this action, and such evidence and argument as may be presented at or before the hearing on this matter.

RESPECTFULLY SUBMITTED this 26th day of August, 2022.


**OMNI LEGAL GROUP**

/s/ Omid E. Khalifeh
Omid E. Khalifeh
Ariana Santoro
Lara A. Petersen
Attorneys for Plaintiff,
Yondr, Inc.

iii

# **TABLE OF CONTENTS**

I.      INTRODUCTION……………………………………………………..1

II.     RELEVANT FACTUAL BACKGROUND…………………………….2

III.    LEGAL STANDARD…………………………………………………7

    A.      Fed. R. Civ. P. 11 Sanctions……………………………………..7

        1.      Frivolous Filing……………………………………………..8

        2.      Improper Purpose…………………………………………9

    B.      28 U.S.C. § 1927 Sanctions……………………………………10

IV.     THIS    COURT    SHOULD    IMPOSE    SANCTIONS    AGAINST DEFENDANTS' COUNSEL…………………………………………11

    A.      Filings Submitted on Defendants' Behalf Have Been Frivolous…….11

    B.      Each of Defendants' Motions Were Filed for the Improper Purpose of Needlessly Delaying and Increasing the Cost of This Proceeding…...14

    C.      Sanctions Are Also Warranted Under 28 U.S.C. § 1927…………….18

V.      CONCLUSION………………………………………………………..20

# **TABLE OF AUTHORITIES**

**Cases**

*Aetna Life Ins. V. Alla Medical Services, Inc.*

    855 F.2d 1470 (9th Cir. 1988)……………………………………9, 10, 14, 17

*Avedisian v. Mercedes-Benz USA, LLC,*

    2014 WL 47466 (C.D. Cal. Jan. 2, 2014)……………………………………9

*Bot M8 LLC v. Sony Corp. of Am.,*

    4 F.4th 1342 (Fed. Cir. 2021)…………………………………………..13

*Chambers v. Nasco, Inc.,*

    501 U.S. 32, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991)………………14, 20

*Christian v. Mattel, Inc.,*

    286 F.3d 1118 (9th Cir. 2002)…………………………………………8, 11

*CreAgri, Inc. v. Pinnaclife, Inc.,*

    2014 U.S. Dist. LEXIS 77484,

    2014 WL 2508386, (N.D. Cal. June 3, 2014)………………………………..8

*Cooter & Gell v. Hartmarx Corp.,*

    496 U.S. 384, 110 S. Ct. 2447, 110 L. Ed. 2d 359 (1990)……………………8

*Doe v. Exxon Mobil Corp.*

    No. 1:01-cv-1357-RCL,

    2021 U.S. Dist. LEXIS 90416 (D.D.C. May 12, 2021)………………………9

*Dunhall Pharms., Inc. v. Discus Dental, Inc.,*

    2000 U.S. App. LEXIS 26924 (Fed. Cir. 2000)……………………………..10

*Fink v. Gomez,*

    239 F.3d 989 (9th Cir. 2001)…………………………………………...7, 20

*Garay v. Tabah,*

    No. SACV 14-01505 (C.D. Cal. May 19, 2015)……………………………9

*Gomez v. Vernon,*

    255.F.3d 1118 (9th Cir. 2001)…………………………………………20

v

*Greenberg v. Sala*,

    822 F.2d 882 (9th Cir. 1987)……………………………………………..8, 11

*Haynes v. City & County of San Francisco*,

    688 F.3d 984 (9th Cir. 2012)……………………………………………….7

*Holgate v. Baldwin*,

    425 F.3d 671 (9th Cir. 2005)……………………………………….1, 8, 9

*Huetig & Schromm, Inc. v. Landscape Contractors*,

    790 F.2d 1421 (9th Cir. 1986)……………………………………..10, 18

*In re Giardi*,

    611. F.3d 1027 (9th Cir. 2010)………………………………………...18

*In re Grantham Bros.*,

    922 F.2d 1438 (9th Cir. 1991)…………………………………………..9

*In re Keegan Mgmt. Co, Sec. Litig.*,

    78 F.3d 431 (9th Cir. 1996)……………………………………….1, 8, 11

*In re Yagman*,

    796 F.2d 1165 (9th Cir. 1986)……………………………………………..8

*Lahiri v. Universal Music and Video Distribution*,

    606 F.3d 1216 (9th Cir. 2010)………………………………………...18

*Lozano v. Yee Cabrera*,

    678 Fed. Appx. 511 (9th Cir. 2017)…………………………………….7

*Nalco Co. v. Chem-Mod, LLC*,

    883 F.3d 1337 (Fed. Cir. 2018)……………………………………….13

*New Alaska Development Corp. v. Guetschow*,

    869 F.2d 1298 (9th Cir. 1989)………………………………………….10

*Oliver v. In-N-Out Burgers*,

    945 F. Supp. 2d 1126 (S.D. Cal. 2013)……………………………...7

*Pacific Harbor Capital, Inc. v. Carnival Air Lines, Inc.*,

    210 F.3d 1112 (9th Cir. 2000)…………………………………………10

*Sec. Farms. v. Int'l Bhd. of Teamsters*,

    124 F.3d 999 (9th Cir. 1997)…………………………………………………...7

*SG Blocks, Inc. v. Hola Community Partners,*

    No. 2:20-cv–3432-ODW (RAOx) (C.D. Cal. July 1, 2021)………………...9

*Townsend v. Holman Consulting Corp.*,

    929 F.2d 1358 (9th Cir. 1990)…………………………………………...8, 9, 10

*Truesdell v. Southern California Permanente Med.*,

    293 F.3d 1146 (9th Cir. 2002)…………………………………………...9, 12

*United States ex rel. Sequoia Orange Co. v. Baird-Neece Packing Corp.*,

    1999 U.S. App. LEXIS 11736 (9th Cir. 1999)……………………………...10

*Zaldivar v. City of L.A.*,

    780 F.2d 823 (9th Cir. 1986)…………………………………………...14

**Statutes, Rules, Regulations**

28 U.S.C. § 1927……………………………………………….…..7, 10, 11, 18, 19

Fed.  R. Civ. P. 11……………………………………...…1, 2, 7, 8, 9, 10, 11, 14, 18, 20

Gregory P. Joseph,

    *Sanctions: The Federal Law of Litigation Abuse* (6th ed., 2020)…………..17

1

## **MEMORANDUM OF POINTS AND AUTHORITIES**

2  Plaintiff Yondr, Inc. ("Plaintiff") respectfully files this Memorandum of
3  Points and Authorities in Support of its Motion for Fed. R. Civ. P. 11 Sanctions
4  Against Counsel for Defendants Win Elements LLC ("Win") and John Nguyen
5  ("Nguyen" and collectively with Win, "Defendants").

6  ## I.   INTRODUCTION

7  Resulting from an ongoing pattern of motion filings aimed at bullying Plaintiff
8  into submitting to Defendants' patent infringement, Plaintiff is compelled to file this
9  motion. Largely, Defendants' filings have failed to substantively further this dispute
10 but instead have served the purpose of delay and theft of the Court's and Plaintiff's
11 resources. Indeed, this action was filed nearly eight (8) months ago and during that
12 period, Defendants' counsel has filed four (4) motions. As a result of Defendants'
13 motion filing, this matter has not progressed past the pleading stage.

14 Aside from the harm Plaintiff has suffered and will continue to suffer as a
15 result of these needless delays, Defendants' filings have been frivolous in that each
16 has been legally and/or factually "baseless and made without a reasonable and
17 competent inquiry." *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005) (quoting
18 *In re Keegan Mgmt. Co*, *Sec. Litig.*, 78 F.3d 431, 434 (9th Ct. App. 1996)). For at
19 least this reason, sanctions should be imposed against Defendants' counsel.

20 The only possible reasons for Defendants' filings are to (i) harass Plaintiff
21 including intentionally and maliciously causing Plaintiff's counsel to spend many
22 hours preparing this and other motions and memoranda which he knew Plaintiff's
23 counsel would be forced to do, and (ii) needlessly increase the cost of this litigation.
24 These are improper purposes under Fed. R. Civ. P. 11(b)(1) further warranting the
25 imposition of sanctions against Defendants' counsel.

26 Accordingly, Plaintiff respectfully requests that the Court impose sanctions
27 on Defendants' counsel. In addition to any sanctions ordered by the Court, Plaintiff
respectfully requests an award of Plaintiff's "reasonable expenses, including

1

attorney's fees, incurred for this motion," as the "prevailing party" in an amount to be determined upon further submissions or briefing. Fed. R. Civ. P. 11(c)(2).

## II.   RELEVANT FACTUAL BACKGROUND

Plaintiff is the sole owner of all right, interest, and title to a system and apparatus for selectively limiting user control of an electronic device, which is protected by United States Patent No. 9,819,788 (the "'788 Patent"). *See* Dkt. 15 ¶¶ 1, 13-14. Aimed at creating phone-free spaces, Plaintiff's "Yondr" pouches have been enjoyed by customers from a variety of fields, including many notable individuals. *Id.* ¶¶ 15-16. Plaintiff's products have also been broadly publicized in numerous publications and broadcasts with international audiences. *Id.* ¶ 17.

Plaintiff's success, which results directly from the ingenuity of Plaintiff's invention, has prompted Defendants and other third parties to manufacture, market, and distribute infringing copies of Plaintiff's the system and apparatus covered by the '788 Patent. *Id.* ¶¶ 2, 18. In particular, Defendants' acts of offering for sale and presumably selling "Safe Pouch" products for "creating phone-free classrooms" (the "Infringing Products") infringes the '788 Patent. *Id.* ¶¶ 2, 19, 20.

In an attempt to resolve this matter amicably, on or around October 1, 2021, Plaintiff's counsel sent a letter informing Defendants of their infringement and demanding that they cease and desist any further infringement. *Id.* ¶ 31, Ex. F. Plaintiff retransmitted this letter via electronic mail on or around November 16, 2021. *Id.* ¶ 33. Despite having notice of Plaintiff's patent rights, Defendants never responded to Plaintiff's letter and continued to infringe the '788 Patent. *Id.* ¶¶ 32, 34, 36. Accordingly, Plaintiff was left with no alternative but to initiate the present action, which was initially filed on December 17, 2021. *See* Dkt 1, *passim*.

After Plaintiff filed its complaint, Defendants' counsel reached out  to Plaintiff seeking an informal discussion of the complaint and offering to accept service on behalf of Defendants. *See* Declaration of Omid E. Khalifeh ("Khalifeh Decl.") ¶ 4; Petersen Decl. ¶ 4; Dkt. 19-2 ¶ 3. Defendants' counsel and Plaintiff's

2

counsel engaged in a Zoom conference on February 4, 2022 and several subsequent email and telephone exchanges. *See* Khalifeh Decl. ¶ 5; Petersen Decl. ¶ 5. Although Plaintiff viewed the first amended complaint as largely unnecessary, Plaintiff drafted and filed the first amended complaint as a good faith effort to assist Defendants and their counsel in understanding Plaintiff's claims. *See id.*

The parties' respective counsel agreed that Defendants' counsel would accept service on behalf of Defendants. *See id.* ¶ 6. As such, on March 8, 2022, the same day the first amended complaint was filed, Plaintiff served Defendants' counsel with a copy of the same, in addition to both summons and other necessary service papers. *Id.* Defendants' counsel promptly accepted service but did not mention any concerns. *See id.* ¶ 7; Dkt. 19-2 ¶ 6-7, 9. It was not until Defendants' first motion to dismiss was filed that Plaintiff learned of Defendants' grievances concerning service of process. *Id.*

On March 15, 2022, Defendants' counsel requested an extension of time to file a motion to dismiss, because they would be unable to properly and in good faith engage in a meet and confer with Plaintiff's counsel within the time required by Local Rule 7-3. *See id.* ¶ 7. At this time, Defendants' counsel did not provide any authority supporting dismissal of Plaintiff's claims. *Id.* Because significant detail had been added to the first amended complaint so as to nullify any potential for a motion for dismiss, Plaintiff's counsel inquired into the basis for such a motion. *Id.*

On March 17, 2022, Defendants' counsel committed its positions to a letter which was emailed to Plaintiff's counsel. *Id.* ¶ 8. On March 18, 2022, Defendants' counsel and Plaintiff's counsel engaged in a meet and confer discussing these same issues, at no point during either of which did Defendants' counsel raise any issues with service of process. *Id.* In addition, Defendants' counsel failed to raise any anti-SLAPP basis for its motion. *Id.* Nonetheless, on March 22, 2022, Defendants filed their first motion to dismiss, which included improper service and anti-SLAPP arguments. *See* Dkt. 17, *passim*.

In an unconventional move, Defendants filed a motion for leave to file a motion to dismiss the first amended complaint. *See* Dkt. 18. Despite the fact that Defendants had already filed their motion to dismiss, this motion for leave was filed nearly two weeks later. Overall, Defendants' counsel has made a practice of disobeying the Court's rules and procedures by failing to reach out to Plaintiff's counsel so as to file a *timely* motion to dismiss and then by filing the motion for leave to file a motion to dismiss that was already filed. *See* Khalifeh Decl. ¶¶ 7-8; Petersen Decl. ¶¶ 7-8.

To advance this matter, Plaintiff chose not to oppose Defendants' motion for leave and instead, focused on the substance of the first motion to dismiss. Although Defendants' motion was scattered, ill-formatted, and difficult to parse in some parts, Plaintiff presented a thoughtfully argued and well-researched opposition. The morning after Plaintiff filed its opposition, on April 19, 2022, Defendants' counsel reached out to Plaintiff's counsel with a fabricated formatting issue with Plaintiff's opposition. *See* Khalifeh Decl. ¶ 9; Petersen Decl. ¶ 9.

In particular, apparently recognizing that the substance of Plaintiff's opposition was on point, and therefore, grasping at straws, Defendants' counsel expressed that the line spacing of Plaintiff's opposition did not comply with Local Rules. *Id.* Plaintiff's counsel responsively reviewed its submission and confirmed with Defendants' counsel that the filing contained proper line spacing. *See id.* ¶ 10. Plaintiff's counsel explained that the line spacing was consistent with every other brief filed or even seen by Plaintiff in this District. *Id.* Nonetheless, Defendants' counsel proceeded to file yet a third motion, this time to strike Plaintiff's opposition. This unnecessary filing forced Plaintiff to defend itself so that the Court could finally review the actual substance of this matter. *Id.* ¶ 11.

On June 2, 2022, the Court issued an order regarding each of Defendants' motions: (1) the first motion to dismiss; (2) the motion for leave to file a motion to dismiss; and (3) the motion to strike Plaintiff's opposition to the motion to dismiss.

In this order, the Court struck Defendants' first motion to dismiss for failing to comply with Local Rule 7-3 and denying as moot Defendants' two other motions. *See* Dkt. 29. Because Defendants' counsel has routinely made allegations of procedural issues against Plaintiff in an attempt to delay these proceedings, it is ironic that in its order, the Court offered the following advisement:

> The Court also advises Defendants' counsel to review the Local Rules which pertain to formatting, presentation, and argument headings if Defendants seek to refile the motion to dismiss. The now-stricken motion is rife with formatting, fonts, and argument heading issues. *Id.*

The Court also set forth a strict set of requirements should Defendants elect to refile the motion to dismiss. *Id.* In particular, the Court required the parties to meet and confer by June 28, 2022 and within three days of the meet and confer, to file declarations "setting forth the issues resolved at the conference, the issues that are unresolved, and a detailed explanation of why those issues could not be resolved." *Id.* As stated by the Court, "[i]f a motion to dismiss remains necessary, Defendants shall not file it until two days after each party files the declaration required by this Order." *Id.*

Apparently having determined that a second motion to dismiss was "necessary" as required by the Court, on June 21, 2022, Defendants' counsel emailed Plaintiff's counsel a letter that was a nearly verbatim reproduction of the first motion to dismiss and requested a meet and confer. *See* Khalifeh Decl. ¶ 12; Petersen Decl. ¶ 2. Plaintiff's counsel promptly presented arguments against the letter's main points and caused the coordination of a Zoom conference during Defendants' counsel's stated availability. *See id.* ¶ 13. Contrary to Defendants' counsel, the arguments provided by Plaintiff's counsel explained its positions in different ways rather than being pulled directly from Plaintiff's opposition to Defendants' first motion. *Id.* Plaintiff's counsel requested Defendants' counsel consider not only these arguments

but also the arguments presented in its opposition prior to the conference, which was ultimately scheduled for June 28, 2022. *Id.*

The conference took place as scheduled and lasted over two (2) hours via Zoom. *Id.* ¶ 14. During the conference, the parties' respective counsel discussed each of Defendants' asserted grounds for dismissal. *Id.* In particular, Plaintiff's counsel presented arguments opposing each of Defendants' counsel's points. Defendants' counsel offered no substantive counterpoints but instead, made a practice of merely repeating his initial assertion while failing to offer any additional substance.

While seemingly taking notes, Defendants' counsel continuously distorted the statements of Plaintiff's counsel. *See id.* ¶ 15. Each time, Plaintiff's counsel would attempt to clarify the matter and request a more accurate version be portrayed. *Id.* Defendants' counsel advised that Plaintiff's counsel cannot dictate what Defendants' counsel says, in response to which Plaintiff's counsel aptly pointed out that they retain the right to hold him accountable for statements made under penalty of perjury. *Id.* Ultimately, despite these admonitions, Defendants' counsel perjured himself in his subsequently filed declaration by fabricating a conversation that did not take place. *See* Dkt. 32; Khalifeh Decl. ¶ 16; Petersen Decl. ¶ 16.

More particularly, in his declaration, Defendants' counsel purports to recall one of Plaintiff's counsel stating that they "suppose" Defendants' "Pouch It Up" song constitutes infringement of Defendants' patent. *See* Dkt. 32 ¶ 8. Not only did Plaintiff's counsel not provide this response at this point in the conversation, Defendants' counsel never posed this question. *See* Khalifeh ¶¶ 16-17; Petersen Decl. ¶¶ 16-17; 34-2 ¶¶ 6-7. Further, contrary to Defendants' counsel's declaration, the issue of whether Plaintiff's counsel would follow up with "a more clear, 'yes' or 'no' answer as to their position on the song infringing the patent" was never raised. *Id.* In at least these ways, Defendants' counsel perjured himself. *Id.*

Following counsels' June 28, 2022 meet and confer and the court-ordered declarations, Defendants proceeded to refile their motion to dismiss. *See* Dkt. 33.

While Defendants removed one out of the previous ten arguments presented in the first motion, the vast majority of Defendants' second motion remained largely unaltered from its original form. Much to Plaintiff's counsels' dismay, Defendants' counsel failed to even remotely consider any of the counterpoints raised by Plaintiff in its original opposition or during any of the conferences of counsel. *See* Khalifeh Decl. ¶18; Petersen Decl. ¶ 18.

Defendants' newly filed motion fails to conform to the spirit of this Court's June 2, 2022 order obligating the parties to resolve the issues raised in Defendants' motion to dismiss. *See* Dkt. 29, *passim*. Moreover, as discussed *supra*, this filing is merely one in a series of papers filed with this Court for an improper purpose. Accordingly, Plaintiff now files this Fed. R. Civ. P 11 motion for sanctions against Defendants' counsel.

## III.   LEGAL STANDARD

"There are three primary mechanisms through which a court may 'sanction parties or their lawyers for improper conduct: (1) Federal Rule of Civil Procedure 11, which applies to signed writings filed with the court; (2) 28 U.S.C. § 1927, which is aimed at penalizing conduct that unreasonably and vexatiously multiplies the proceedings; and (3) the court's inherent power.'" *Lozano v. Yee Cabrera*, 678 Fed. Appx. 511, 513 (9th Cir. 2017) (quoting *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001)). Indeed, "[d]istrict courts enjoy much discretion in determining whether and how much sanctions are appropriate." *Oliver v. In-N-Out Burgers*, 945 F. Supp. 2d 1126, 1130 (S.D. Cal. 2013) (citing *Haynes v. City & County of San Francisco*, 688 F.3d 984, 987 (9th Cir. 2012)).

### A.   Fed. R. Civ. P. 11 Sanctions

Federal Rule of Civil Procedure 11 imposes a duty on attorneys to certify that (1) they have read the papers they file and (2) the filing is well-grounded in fact, has a colorable basis in law, and is not filed for an improper purpose. *See Sec. Farms. v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1016 (9th Cir. 1997). As such, Rule 11 permits

courts to sanction those who engage in specific types of litigation misconduct. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393, 110 S. Ct. 2447, 110 L. Ed. 2d 359 (1990). More specifically, Rule 11 provides for sanctions on any attorney who "present[s] to the court a pleading, written motion, or other paper … for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," or without a legal or factual basis. Fed. R. Civ. P. Rule 11(b)-(c). The primary purpose of Rule 11 is to deter unnecessary complaints and other filings. *See In re Yagman*,796 F.2d 1165, 1182 (9th Cir. 1986).

The Ninth Circuit has enumerated two independent grounds that sustain sanctions. *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990). First, when there is a "frivolous filing," which is a filing that <u>no competent attorney</u> could believe was well-grounded in fact and law, and second, when the filing is for an "improper purpose." *Greenberg v. Sala*, 822 F.2d 882, 885 (9th Cir. 1987). A determination on a Rule 11 motion "is not a judgment on the merits of an action. Rather, it is the determination of a collateral issue: whether the attorney has abused the judicial process[.]" *CreAgri, Inc. v. Pinnaclife, Inc.*, 2014 U.S. Dist. LEXIS 77484, 2014 WL 2508386, *4 (N.D. Cal. June 3, 2014) (quoting *Cooter & Gell*, 496 U.S. at 396). Furthermore, Courts have substantial discretion regarding the application of Rule 11 sanctions. Committee Notes on Amendments to Federal Rules of Civil Procedure, 146 F.R.D. 401, 587 (1993).

### 1.    Frivolous Filing

A filing is frivolous if it is "both baseless and made without a reasonable and competent inquiry." *Holgate*, 425 F.3d 676 (quoting *Keegan*, 78 F.3d at 434). The court *must* conduct a two-prong inquiry on (1) whether, objectively, the filing is legally or factually baseless and (2) whether the attorney conducted a reasonable and competent inquiry. *Id.* (citing *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002)).

Claims are "legally baseless, unwarranted, and unreasonable 'where no

plausible, good faith argument can be made by a competent attorney in support of the proposition being asserted.'" *SG Blocks, Inc. v. Hola Community Partners,* No. 2:20-cv–3432-ODW (RAOx) (C.D. Cal. July 1, 2021). A reasonable and competent inquiry merely requires an "objectively reasonable inquiry into the facts and law would have found the claim to be well founded." *Garay v. Tabah*, No. SACV 14-01505 (C.D. Cal. May 19, 2015) (citing *Holgate*, 425 F.3d at 677). Courts can also impose sanctions "for insisting upon a position after it is no longer tenable." Fed. R. Civ. P. 11(b)-(c) Advisory Committee Note to 1993 Amendment; *see also Avedisian v. Mercedes-Benz USA, LLC*, 2014 WL 47466, at *4 (C.D. Cal. Jan. 2, 2014).

An attorney may *not* make "baseless statement[s] or deliberate misstatement[s] in an attempt to support their position. *Doe v. Exxon Mobil Corp.*, 2021 U.S. Dist. LEXIS 90416, at *12 (D.D.C. May 12, 2021) (mischaracterizing the opposing counsel's conduct during deposition). Instead, all allegations must rely on information and beliefs that a *reasonable* attorney in that position would have known. *Truesdell v. Southern California Permanente Med.*, 293 F.3d 1146, 1154-55 (9th Cir. 2002) (*remanded on other grounds*) (concluding that the allegations and other factual contentions lacked evidentiary support because Plaintiff's counsel knew they were false when they were made).

## 2.   Improper Purpose

The improper purpose prong, despite sharing similarities with frivolousness, is independent and violation of either prong is sanctionable. *In re Grantham Bros.*, 922 F.2d 1438, 1443 (9th Cir. 1991). While non-frivolous <u>complaints</u> do not violate Rule 11, even if filed for an improper purpose, non-frivolous <u>motions and papers</u> filed for an improper purpose are sanctionable. *Aetna Life Ins. Co. v. Alla Medical Services, Inc.,* 855 F.2d 1470, 1476 (9th Cir. 1988). In fact, "a pleading or paper that [is] *harassing* in part" is sanctionable even if the filing was not frivolous. *Townsend*, 929 F.2d at 1364-65 (emphasis in original). Moreover, "there comes a point when successive motions and papers become so harassing and vexatious that they justify

9

sanctions even if they are not totally frivolous." *Aetna Life Ins.*, 855 F.2d at 1476.

There is a **<u>strong inference</u>** that a pleading was made for an improper purpose when the attorney claims experience or expertise in the legal matter. *Huetig & Schromm, Inc. v. Landscape Contractors*, 790 F.2d 1421, 1426-27 (9th Cir. 1986). While attorneys are required to zealously advocate for their clients, that is not an excuse for harassing and frivolous conduct. *Townsend*, 929 F.2d at 1367-68. Indeed, "[p]resenting to [the] court arguments that reflect less than rigorous respect for the truth and accuracy" does **not** "serve the best interests of [the] client." *Dunhall Pharms., Inc. v. Discus Dental, Inc.*, 2000 U.S. App. LEXIS 26924, ftn. 3 (Fed. Cir. 2000). Instead, papers filed for the sole purpose of tactical or strategic expediency waste the courts time and are harms the legal profession and society at large. *Huetig & Schromm, Inc.*, 790 F.2d at 1426-27.

While bad faith is not required to find improper purpose, "outward behavior that manifests improper purpose may be considered in determining objective improper purpose serving sanction." *United States ex rel. Sequoia Orange Co. v. Baird-Neece Packing Corp.*, 1999 U.S. App. LEXIS 11736, *3-4 (9th Cir. 1999). A violation of Rule 11 justifies an award of sanctions including "nonmonetary directives; an order to pay a penalty into the court; or, … an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violations." Fed. R. Civ. P. Rule 11(c)(2).

**B.    28 U.S.C. § 1927 Sanctions**

28 U.S.C. § 1927 provides for sanctions against an attorney who "multiplies the proceedings in any case unreasonably and vexatiously." Unlike Fed. R. Civ. P. 11, sanctions pursuant to this section require a finding of subjective bad faith. *Pacific Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000). The Ninth Circuit has found that knowing or reckless conduct meets this standard. *See New Alaska Development Corp. v. Guetschow*, 869 F.2d 1298, 1306 (9th Cir. 1989).

## IV.   THIS   COURT   SHOULD   IMPOSE   SANCTIONS   AGAINST   DEFENDANTS' COUNSEL

Under any of the recognized mechanisms, Defendants' counsel's conduct is sanctionable. In particular, Defendants' counsel has made a continuous practice of not only filing frivolous papers with the Court but also neglecting the Court's rules in pursuit of an extended delay in this proceeding, in flagrant violation of Fed. R. Civ. P. 11. As a result, substantial sanctions are warranted to deter continued similar conduct by Defendants' counsel. *See* Fed. R. Civ. P. 11(c)(4) ("A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct…") Moreover, Defendants' counsel's excessive motion filing has not promoted resolution of this dispute but instead has "unreasonably and vexatiously" multiplied this proceeding. *See* 28 U.S.C. § 1927. For this additional reason, under § 1927, Defendants' counsel is liable for the excessive "costs, expenses, and attorneys' fees" incurred because of its conduct.

### A.     Filings Submitted on Defendants' Behalf Have Been Frivolous

Defendants' filings are frivolous because each is legally and factually baseless and made without a reasonable and competent inquiry. *See Keegan*, 78 F.3d at 434; *see also Christian v. Mattel, Inc.,* 286 F.3d at 1127. Because Defendants' counsel, as a competent attorney, could not reasonably believe each of these filings was well-grounded in fact and law, his conduct satisfies the first Rule 11 basis for imposing sanctions. *Greenberg*, 822 F.2d at 885.

Throughout this litigation, Defendants' counsel has made a number of unreasonable assertions for which no good faith argument could reasonably be presented. In particular, Defendants' first motion to dismiss (Dkt. 17), motion to strike Plaintiff's opposition to the first motion to dismiss (Dkt. 21), court-ordered meet and confer declaration (Dkt. 32), and second motion to dismiss (Dkt. 33) all present statements having no basis in fact or law.

1    Primarily, Defendants' first motion to dismiss (Dkt. 17) purported to provide

2    ten (10) separate bases for dismissal of Plaintiff's first amended complaint (Dkt. 15).

3    While none of these positions sufficiently supported the dismissal of Plaintiff's

4    claims, two of the grounds concerning anti-SLAPP basis and infringement pleading

5    standards actually contravene existing law. A reasonable attorney would have

6    recognized that these positions are not supported by available factual information

7    and legal precedent. *See Truesdell*, 293 F.3d at 1154-55.

8    In the first instance, Defendants' counsel presented California's anti-SLAPP

9    statute as a basis for striking Plaintiff's unfair competition claim. Specifically,

10   Defendants' argument was predicated on purported allegations that Defendants

11   publicly claim their product is "patented" and produced a song to market their

12   product, and that each of these activities is protected by the First Amendment. *See*

13   Dkt. 17, 31:3-9. However, Plaintiff's first amended complaint contained no

14   reference to Defendants' assertions that its products are "patented." *See* Dkt. 15,

15   *passim*. Had Defendants' counsel competently reviewed the first amended

16   complaint, it would have realized this fact. Moreover, Plaintiff never alleged that

17   Defendants' song itself infringed Plaintiff's patent rights. Rather, as Plaintiff

18   subsequently explained to Defendants' counsel via its opposition to the first motion

19   to dismiss (Dkt. 19) and during multiple conferences of counsel, Plaintiff's unfair

20   competition claim is based on Defendants' patent infringement not on Defendants'

21   expression through song. *See* Khalifeh Decl. ¶¶ 17-18; Petersen Decl. ¶¶ 17-18.

22   Defendants also argued that Plaintiff's first amended complaint failed to

23   satisfy the patent infringement pleading standard of Fed. R. Civ. P. 12(b)(6). Relying

24   on antiquated precedent, Defendants maintained that Plaintiff was required to plead

25   infringement on an element-by-element basis. *See* Dkt. 17, 22:18-20. By including

26   this argument, Defendants' counsel failed to perform an adequate pre-filing

27   investigation. Had Defendants' counsel done so, they would have discovered that

     the Federal Circuit has recently determined that "[a] plaintiff is not required to plead

infringement on an element-by-element basis" as it "need not 'prove its case at the pleading stage." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1352 (Fed. Cir. 2021) (quoting *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018) (internal citation omitted)). Even worse, in their first motion, Defendants cited the underlying district court case, which was overturned by the Federal Circuit on this precise ground. Dkt. 17. Thus, this additional instance of baseless arguments further demonstrates the frivolous nature of each of Defendants' first motion to dismiss.

Defendants' pattern of frivolous filings continued with Defendants' motion to strike Plaintiff's opposition to the first motion to dismiss (Dkt. 21). Defendants' counsel insisted on filing this motion because he believed that Plaintiff's opposition (Dkt. 19) was single-spaced or at least, not double-spaced. *See* Khalifeh Decl. ¶ 9; Petersen Decl. ¶ 9. To the contrary, Plaintiff's opposition (Dkt. 19) complied with all Local Rules and federal standards of practice. Indeed, as Plaintiff's counsel explained to Defendants' counsel prior to the filing of this motion (Dkt. 21), Plaintiff's counsel has filed all of its briefs and other court filings in the Central District using exactly 24-point spacing and has witnessed solely the use of this spacing by third parties. *Id.* ¶ 10. Because Plaintiff's opposition (Dkt. 19) clearly complied with all requirements, Defendants' motion to strike (Dkt. 21) was wholly frivolous.

In perhaps the most appalling instance, Defendants' counsel blatantly perjured himself in his meet and confer declaration (Dkt. 32), filed in response to the Court's June 2, 2022 order (Dkt. 29). In particular, Defendants' counsel fabricated an entire conversation in an attempt to support his position that the singular allegation in Plaintiff's first amended complaint (Dkt. 15) concerning Defendants' "Pouch It Up" song contravenes California's anti-SLAPP statute. *See* Dkt. 32 ¶ 8; *see* Khalifeh Decl. ¶¶ 16-18; Petersen Decl. ¶¶ 16-18. As Defendants' counsel is well aware, Defendants' version of Plaintiff's response is wholly inaccurate and renders this an additional frivolous filing. *Id.*

13

Finally, Defendants failed to address the deficiencies of the original motion to dismiss (Dkt. 17) in the second motion to dismiss (Dkt. 33). Given that Defendants' counsel now had the benefit of reviewing Plaintiff's numerous arguments set forth in Plaintiff's opposition to Defendants' first motion to dismiss (Dkt. 19) and during counsels' conferences, such arguments in the second motion to dismiss are even more inexcusable than they were in the original motion to dismiss. While Rule 11 imposes an objective standard of reasonable inquiry which does not mandate a finding of bad faith, Plaintiff is left to assume bad faith on the part of Defendants' counsel. *See Chambers v. Nasco, Inc.*, 501 U.S. 32, 47, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991). Even if this Court does not find that Defendants' counsel acted in bad faith, he is nevertheless guilty of violating Rule 11 because filing a second motion to dismiss without adjusting much by way of substantive changes is not objectively reasonable.

Taken together, while many of Defendants' filings have been frivolous, the two most recent, Defendants' counsel's meet and confer declaration (Dkt. 32) and second motion to dismiss (Dkt. 33) should be withdrawn. In the event Defendants' counsel elects not to withdraw these offending filings, Fed. R. Civ. P. 11 sanctions should be imposed.

**B.      Each of Defendants' Motions Were Filed for the Improper Purpose of Needlessly Delaying and Increasing the Cost of This Proceeding**

In addition to addressing frivolous filings, Fed. R. Civ. P. 11 "gives district courts greater power to 'discourage dilatory or abusive tactics.'" *Aetna Life Ins. Co.*, 855 F.2d at 1476 (quoting Advisory Committee Note, 1983 Amendment); *see also Zaldivar v. City of L.A.*, 780 F.2d 823, 830 (9th Cir. 1986) (Rule 11 addresses "the problem of misusing judicial procedures as a weapon for personal or economic harassment"). Rule 11 sanctions may be imposed where a party presents a filing for improper purposes, "such as…to cause unnecessary delay or needless increase in the cost of litigation." Fed. R. Civ. P. 11(b)(1). Defendants' pattern of filings has

exceeded the bounds of zealous advocacy and instead has proven dilatory and harassing.

Indeed, the goal of Defendants' persistent motion practice has been to protract Plaintiff's inevitable success in this proceeding and to punish Plaintiff for asserting its intellectual property rights by increasing the cost of litigation. Defendants' intention first became apparent when Defendants filed three successive motions within a nearly one-month period, commencing with an untimely first motion to dismiss followed by a confusingly timed motion for leave to file said motion to dismiss. *See* Dkt. 17, 18, 21. Overall, while most, if not all, of Defendants' motions appear to have been filed for an improper purpose, Defendants' motion to strike Plaintiff's opposition to the first motion to dismiss (Dkt. 21) and Defendants' second motion to dismiss (Dkt. 33) are particularly egregious.

After Defendants filed the first motion to dismiss (Dkt. 17), Plaintiff filed a well-researched opposition thereto (Dkt. 19). In this opposition, Plaintiff was forced to defend multiple grounds that were not raised during any of the multiple conferences of counsel prior to Defendants filing the first motion to dismiss. *See* Khalifeh Decl. ¶ 9; Petersen ¶ 9.  As such, Defendants failed to respect Local Rule 7-3, which requires counsel to "discuss thoroughly" the substance of a contemplated motion. To the contrary, Defendants attempted to hoodwink Plaintiff and the Court by presenting these Hail Mary arguments. If Defendants genuinely believed these arguments to be meritorious, Defendants' counsel would have mentioned them during any of the meet and confers so as to potentially nullify the necessity for any motion filing. Because Defendants' counsel did not, it can only be assumed that it included these bases to rattle Plaintiff.

After Plaintiff filed its opposition (Dkt. 19), Defendants' counsel recognized that it could not counter the substantive points raised in Plaintiff's opposition. Defendants' counsel instead employed a distraction tactic of claiming that this opposition did not comply with the line-spacing requirements of Local Rules. To

that end, Defendants filed a motion to strike Plaintiff's opposition (Dkt. 21). It is undisputed that such a motion would not serve to resolve any substantive disputes or otherwise advance this matter but instead, would only further delay the proceeding. Furthermore, as discussed above, this motion to strike (Dkt. 21) was legally frivolous.

Even worse, Defendants' counsel burdened the Court with its hasty and ill-calculated motion filings. First, Defendants' counsel failed to file the original motion to dismiss in a timely manner and then further failed to file a motion for leave to file the motion to dismiss prior to filing the motion to dismiss. *See* Khalifeh Decl. ¶ 7; Petersen Decl. ¶ 7. Finally, Defendants' counsel chose to complicate the substance of its motion to dismiss by filing a separate motion to strike Plaintiff's opposition to the first motion to dismiss. *See* Dkt. 21. Because Defendants' counsel filed these motions in a confusing and improper manner, the Court was forced to wade through the mess and ultimately, reschedule each of the motion hearings for the same, notably later, date. *See* Dkt. 22.

Defendants' second motion to dismiss (Dkt. 33), and preceding meet and confer declaration (Dkt. 32) are the latest tactics in Defendants' pattern of abusive litigation activity. In response to Defendants' first series of motions, the Court ordered the parties to engage in another meet and confer by June 28, 2022 should Defendants deem a second motion to dismiss necessary. *See* Dkt. 29. Specifically, the Court ordered the parties to submit declarations following the meet and confer and explain precisely why the issues could not be resolved. *Id.* Despite these express and implied admonitions, Defendants' counsel continued to gameplay during counsels' June 28th meet and confer by purporting to take notes while blatantly misrepresenting the statements of Plaintiff's counsel. *See* Khalifeh Decl. ¶ 16; Petersen Decl. ¶ 16. Such tactics rendered impossible any productive substantive discussion.

Ultimately, Defendants' counsel perjured himself in the court-ordered declaration by fabricating at least one conversation that did not occur. *See* Khalifeh Decl. ¶ 18; Petersen Decl. ¶ 18. During the conference, Defendants' counsel asserted that Defendants' acts of writing and publishing the "Pouch It Up" song to market the infringing products was protected by the First Amendment and that therefore, Plaintiff's allegations concerning these activities should be stricken under California's anti-SLAPP statute. *Id.* ¶¶ 17-18. As Plaintiff's counsel attempted to explain multiple times, Plaintiff takes no issue with Defendants' songwriting and publishing but rather, alleges that these actions demonstrate Defendant Nguyen's personal involvement (and therefore, liability) in marketing the infringing products. *Id.* As the sole remaining means to shoehorn this anti-SLAPP basis into its motion to dismiss, Defendants' counsel perjured himself by declaring that Plaintiff's counsel stated that Defendants' song constituted patent infringement, although this sentiment was never communicated. *Id.* While Defendants' counsel remains free to assert litigable issues of fact, he may not present a "baseless statement or deliberate misstatement." Gregory P. Joseph, *Sanctions: The Federal Law of Litigation Abuse* §§ 8(A), 9(F) (6th ed., 2020). Thus, the baseless fabrication in the declaration (Dkt. 32) of Defendants' counsel justifies the imposition of sanctions.

Following counsels' June 28th meet and confer, Defendants filed the second motion to dismiss (Dkt. 33), which is largely identical to the first motion to dismiss (Dkt. 17). In particular, Defendants removed one ground out of its previous ten (10) arguments in favor of dismissal and the other nine (9) arguments remained unaltered. Much to Plaintiff's dismay, Defendants' counsel failed to even remotely consider any of the points raised by Plaintiff's counsel in the opposition to Defendants' first motion to dismiss or during any of the meet and confer discussions that have taken place. In this way, Defendants' second motion to dismiss is not only frivolous (as discussed above), but was clearly filed for an improper, dilatory purpose.

While the Court may find some of Defendants' arguments to be colorable, its pattern of motion filing demonstrates an improper purpose. A pattern of harassing and vexatious motions and papers is sanctionable under the improper purpose prong, even if it is not entirely frivolous. *Aetna Life Ins.*, 855 F.2d at 1476. Notably, although this proceeding commenced nearly eight (8) months ago, Defendants have refused to allow any progression past the pleading stage. Instead, Defendants' counsel has continually filed motions to delay this proceeding and drain Plaintiff and this Court of its resources.

To make Defendants' intentions more glaring, Defendants' counsel holds himself out as an experienced practitioner with more than twenty-one (21) years of experience in "Litigation, Patent Applications, Trademarks, Copyrights, Trade Secrets, and DUI Defense." *See* Khalifeh Decl. ¶ 20; Petersen Decl. ¶ 20. Within this matter, Defendants' counsel has declared under penalty of perjury that he has been an attorney since 2001 and is "admitted to practice before the U.S. Court, Central, Eastern, Southern, and Northern Districts of California, and the Eastern District of Texas." *See* Dkt. 32, 33-1. The Ninth Circuit has previously pointed out that the fact that the attorneys were experienced creates a strong inference that the filing was made for an improper purpose. *Huetig & Schromm, Inc.*, 790 F.2d at 1426-27. Defendants' counsel is an attorney with decades of experience in both litigation and patent law so the objectively unreasonable arguments and other actions taken throughout the case of this litigation creates a strong inference of improper purpose. Accordingly, Defendants' counsel's series of harassing and vexatious filings are inexcusable, and sanctions are warranted under the improper purpose prong of Fed. R. Civ. P. 11.

## C.     Sanctions Are Also Warranted Under 28 U.S.C. § 1927

At a minimum, the Court should impose sanctions against Defendant's counsel under the 28 U.S.C. §1927 and/or the Court's inherent power, given Defendants' counsel's brazen disregard for the Court's rulings. Section 1927

18

sanctions are available when an "attorney 'unreasonably and vexatiously' multiplies proceedings," or "recklessly or intentionally misle[a]ds the court," both of which Defendants' counsel is guilty. *See e.g., In re Giardi*, 611. F.3d 1027, 1060-61 (9th Cir. 2010); *Lahiri v. Universal Music and Video Distribution*, 606 F.3d 1216, 1221-22 (9th Cir. 2010). As detailed above, Defendant's counsel has established a clear pattern of squandering the times and resources of both the Court and Plaintiff's counsel. As a result, Defendants' counsel has deliberately increased the cost of litigation, as Plaintiff's counsel is forced to spend time researching and opposing Defendants' counsel's untenable positions.

Not only did Defendant's counsel waste the Plaintiff's counsel's time with the June 28, 2022 conference, but he also "recklessly or intentionally misled the court" as to the discussion that transpired. *See* Dkt. 32; *see* Khalifeh Decl. ¶¶ 16-18; Petersen Decl. ¶¶ 16-18; *In re Giradi* at 1061 (holding that sanctions under §1927 were appropriate because of the reckless and frivolous filings *or* recklessly and intentionally misleading the court). While it would be unreasonable to assume that this conference would result solely in amicable, mutual agreements, counsel is always expected to civilly engage in fruitful discussions geared toward a good faith resolution of outstanding issues. Instead, Defendants' counsel refused to engage in the conference meaningfully and continuously distorted conversations between himself and Plaintiff's counsel. *See* Khalifeh Decl. ¶¶ 16-17; Petersen Decl. ¶ 16-17. Even more, Plaintiff's counsel specifically requested that Defendants' counsel reconsider its sworn summary of the conversation, as multiple statements falsified the counsels' interactions throughout the conference. *Id.* However, despite these admonitions, Defendants' counsel perjured himself in the declaration he subsequently filed with the Court. *See* Dkt. 32 ¶8; Khalifeh Decl. ¶¶ 16-17; Petersen Decl. ¶¶ 16-17. Based on this conduct, the Court should find that Defendants' counsel's statements were intended to mislead the Court and are therefore, sanctionable.

19

"Any attorney … who so multiplies the proceedings in any case unreasonably and vexatiously" may be liable for any "costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. As detailed above, Defendants' counsel has pursued a relentless strategy designed to delay and harass, causing Plaintiff and this Court to incur needless costs. Plaintiff, thus, respectfully requests that the Court impose monetary sanctions on Defendants' counsel, as the Court's and counsel's previous warnings have been unsuccessful in dissuading Defendants' counsel from persisting in such actions.

Further, the conduct of Defendants' counsel demonstrates the requisite bad faith warranting sanctions under the Court's inherent power. *Chambers v. Nasco, Inc.*, 501 U.S. at 45-49 (the courts possess inherent powers to "achieve the orderly and expeditious disposition of cases."). Sanctions are justified "if the court specifically finds bad faith or conduct tantamount to bad faith" or "recklessness when combined with an additional purpose" such as "an attorney's reckless misstatement of law and fact, when coupled with … an attempt to influence or manipulate proceedings … to gain [a] tactical advantage." *See, e.g., Fink*, 239 F.3d at 993-94. The Court's inherent power further permits sanctioning an attorney "if [he] acts in 'willful disobedience of a court order." *Gomez v. Vernon*, 255.F.3d 1118, 1133-34 (9th Cir. 2001). As explained, Defendants' counsel has not only made reckless misstatements of fact and law but also willfully disobeyed the Court's June 2, 2022 (Dkt. 29) order in so doing. Thus, the Court within its inherent power and without further motion by Plaintiff, should impose sanctions on Defendants' counsel for his egregious conduct.

## VI.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests  that the Court grant this motion for sanctions and award Plaintiff its attorney's fees and costs as the prevailing party under Fed. R. Civ. P. 11(c)(2).

20

RESPECTFULLY SUBMITTED this 26th day of August, 2022.

**OMNI LEGAL GROUP**


/s/ Omid E. Khalifeh
Omid E. Khalifeh
Ariana Santoro
Lara A. Petersen
Attorneys for Plaintiff,
Yondr, Inc.

21