1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

8

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

9
10
11

YONDR, INC., a Delaware corporation,

12
      Plaintiff/Counter-Defendant,

13

14
      vs.

15
WIN ELEMENTS LLC, a California limited liability company; JOHN NGUYEN, an individual; and DOES 1-10, inclusive,

16

17

18
      Defendants/Counterclaimants.

19
RELATED COUNTERCLAIMS

Case No.: 5:21-cv-2105-JGB (KKx)

**STIPULATED PROTECTIVE ORDER**
**<span style="color:red">[NOTE CHANGES MADE BY COURT]</span>**

Judge: Hon. Jesus G. Bernal
Mag.  J.: Kenly Kiya Kato

20
21

1.     A. <u>PURPOSES AND LIMITATIONS</u>

22

23
      Discovery in this action is likely to involve production of confidential,

24
proprietary, or private information for which special protection from public

25
disclosure and from use for any purpose other than prosecuting this litigation may

26
be warranted. Accordingly, the parties hereby stipulate to and petition the Court to

27
enter the following Stipulated Protective Order. The parties acknowledge that this

Order does not confer blanket protections on all disclosures or responses to

discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles as may be determined by the Court, and otherwise as expressly set forth herein. The parties further acknowledge, as set forth in Section 11.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

B. <u>GOOD CAUSE STATEMENT</u>

This action is likely to involve trade secrets, inventions, other intellectual property, unpublished patent applications, customer and pricing lists, and other valuable research, development, commercial, financial, technical, and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business, financial, or technical information; information regarding confidential business practices; or other confidential research, development, or commercial information (including information implicating privacy and contractual confidentiality rights of third parties); information otherwise generally unavailable to the public; and/or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter. It

is the intent of the parties that information will not be designated as confidential only for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2.   <u>DEFINITIONS</u>

2.1   <u>Action</u>: *Yondr, Inc. v. Win Elements, LLC, et al.*, No. 5:21-cv-02105-JGB-KK (C.D. Cal.).

2.2   <u>Challenging Party</u>: a Party or Third Party that challenges the designation of information or items under this Order.

2.3   <u>"CONFIDENTIAL" Information or Items</u>:   information   (regardless of how it is generated, stored, or maintained) or tangible things that the Designating Party has a good-faith belief qualifies for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4   <u>Counsel</u>:   Outside Counsel of Record and House Counsel (as well as their support staff).

2.5   <u>Designating Party</u>: a Party or Third Party that designates information or items that it produces in Disclosures or in response to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," OR "HIGHLY CONFIDENTIAL – OAEO PROSECUTION BAR MATERIAL."

2.6   <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7   <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve

3

as an expert witness or as a consultant in this Action.

2.8    House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9    Third Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10   Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, including support staff.

2.11   Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12   Producing Party: a Party or Third Party that produces Disclosure or Discovery Material in this Action.

2.13   Professional Vendors: persons or entities that are engaged by the Parties to provide litigation support services in this Action (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, trial consulting and support services, contract attorney services, and electronic discovery and database services) and their employees and subcontractors.

2.14   Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY," or as "HIGHLY CONFIDENTIAL – OAEO PROSECUTION BAR MATERIAL."

4

2.15   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.16   <u>HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY: Information or Items</u>: extremely sensitive "CONFIDENTIAL" Information or Items, disclosure of which to another Party or Third Party would create a substantial risk of serious harm that could not be avoided by less restrictive means. More specifically, the term HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY shall mean and presumptively include the Producing Party's trade secrets (under applicable law), non-public inventions, non-public patent applications, non-public commercial information (including, for example, business plans, business strategies, negotiations, and license agreements), non-public financial information (including, for example, budgeting, account, sales figures, and expenditures), non-public business relationship information (including, for example, information pertaining to potential and/or existing customers, competitors, suppliers, distributors, affiliates, subsidiaries, and parents), non-public technical information (including, for example, information pertaining to confidential product design, development, and manufacturing processes; product testing; and products in development), and non-public personnel information (including, for example, compensation, evaluations, and other employment information). Materials designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed only to those individuals identified in paragraph 7.3 below.

2.17   <u>"HIGHLY CONFIDENTIAL – OAEO PROSECUTION BAR" Information and Items</u>: certain "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" information limited to information and items detailing a Designating Party's non-public product design, testing, or manufacturing processes; non-public patent applications; or information pertaining

to prospective future products in development. Materials designated "HIGHLY CONFIDENTIAL – OAEO PROSECUTION BAR" are subject to the provisions of paragraph 7.4 below.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; or (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions, appeals, or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Third Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that the Designating Party has a good faith belief qualifies under the appropriate standards.

Where practical and proportional to the needs of the case, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or to have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2     Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosures or Discovery Material that qualify for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     for information in documentary form (e.g., paper, electronic documents, or case communications, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" (or "HIGHLY CONFIDENTIAL – OAEO"), or "HIGHLY CONFIDENTIAL – OAEO PROSECUTION BAR MATERIAL" (any of which may hereinafter be referred to as a "Designation Legend"), to each page

7

of the document that contains protected material. If only a portion or portions of the document qualifies for protection, when practical and proportional to the needs of the case, the Producing Party also must clearly identify the protected portion(s) (e.g., by marking only protected pages or making appropriate markings in the margins where only a portion of a material on a page qualifies for protection).

A Party or Third Party that makes original documents available for inspection instead of producing copies thereof need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – OAEO PROSECUTION BAR MATERIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix an appropriate Designation Legend to each document that contains Protected Material as provided in the foregoing paragraph.

(b)     for testimony given in depositions or other pretrial proceedings, any question or testimony which describes or discusses Protected Material shall have the same designation as the Protected Material described or discussed. Within thirty (30) days after receipt of the final transcript of any testimony in this case, any Party, Third Party, or the witness may also designate any portions of the transcript that the Party, Third Party, or witness has a good faith belief discloses Protected Material, and shall apprise all Parties of such designation by providing in writing the page and line numbers subject to each appropriate designation.  Unless otherwise agreed or ordered by the Court, all deposition transcripts shall be treated as "HIGHLY CONFIDENTIAL—OAEO PROSECUTION BAR MATERIAL" until expiration of the thirty-day period.

The parties shall give the other parties reasonable advance notice if they reasonably expect any deposition, hearing, or other proceeding to include disclosure of Protected Material—specifically including whether they expect the proceeding to include "HIGHLY CONFIDENTIAL—OAEO PROSECUTION BAR" material—so that other Parties can ensure only authorized individuals are present at those proceedings.

(c)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the appropriate Designation Legend. If only a portion or portions of the information warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.

Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order, including without limitation informing the Producing Party of all pertinent facts relating to any prior disclosure of the material and making reasonable efforts to retrieve such material and to prevent further disclosure.

If a Receiving Party receives non-designated information that it knows or reasonably should know that the Producing Party intended to maintain as confidential, the Receiving Party must promptly notify the Producing Party in writing of that fact and shall treat the information as "HIGHLY CONFIDENTIAL

– OAEO PROSECUTION BAR MATERIALS" until seven (7) days after providing such written notice or the Producing Party designates the information, whichever is sooner.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

    6.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

    6.2    Meet and Confer. The Challenging Party shall initiate the discovery dispute resolution process under Local Rule 37.1 et seq.

    6.3    The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

    7.1    Basic Principles. A Receiving Party may use non-public material (including without limitation Protected Material) that is disclosed or produced by another Party or by a Third Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 12 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items.

Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)    up to five (5) officers, directors, employees, or advisors (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the court and its personnel;

(e)    court reporters and their staff;

(f)    professional jury or trial consultants, mock jurors, and other Professional Vendors to whom disclosure is reasonably necessary for this Action, under obligations of confidentiality at least as stringent as those set forth in this Order;

(g)    the author or original recipient of a document containing the

11

information or a custodian or other person who otherwise possessed or knew the information, including, at a deposition of such person, officers or employees of the Designating Party;

(h)     any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions, and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A); and

(i)     other persons only upon prior written consent (or prior consent on the record at a deposition) of the Producing Party or upon order of the Court and on such conditions as agreed to or ordered, provided such persons have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A).

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may only disclose information or items designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to those categories set forth in §§ 7.2 (a) and (c)-(i), with the qualification that to the extent any owner, officer, or employee of a named party to this action (or an entity sharing common ownership with a named party to this action) is designated to provide expert testimony, such person may not view information designated by the opposing party or a Third Party as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL—OAEO PROSECUTION BAR MATERIAL."

7.4     Notwithstanding any other provision of this Stipulated Protective Order, absent written consent from the Designating Party, any attorney or other person who obtains, receives, has access to, or otherwise learns, in whole or in part, information designated by an opposing Party or Third Party as "HIGHLY

CONFIDENTIAL—OAEO PROSECUTION BAR MATERIAL" under this Protective Order shall not prepare, prosecute, supervise, consult, or assist in the prosecution of any patent application relating to any container for a mobile device within two (2) years from disclosure of the information or one (1) year after conclusion of the litigation, including any appeals, whichever period is longer.  For the avoidance of doubt, "prosecution of any patent application" as used in this paragraph does not include representing a party in a proceeding involving a challenge to a patent before a domestic or foreign agency, including, without limitation, a reissue protest, *ex parte* reeaxamination, *inter partes* reexamination, post grant review, or *inter partes* review, so long as the recipient's activities do not include drafting (or supervising, consulting, or assisting in drafting) patent claims pertaining to containers for mobile devices.  To ensure compliance with the purpose of this provision, any Party or Third Party receiving "HIGHLY CONFIDENTIAL—OAEO PROSECUTION BAR MATERIAL" shall  create an ethical wall between those persons with access to technical information designated "HIGHLY CONFIDENTIAL-OAEO PROSECUTION BAR MATERIAL" and those individuals who prepare, prosecute, supervise, consult, or assist in the prosecution of any patent application relating to the subject matter of this lawsuit, to the effect that documents or information designated as "HIGHLY CONFIDENTIAL—OAEO PROSECUTION BAR MATERIAL" may not be disclosed to, discussed with, or made available to such prosecuting attorneys in any form.

7.5    No later than ten (10) days prior to the disclosure of any Protected Material to persons listed in paragraphs 7.2(b) or (c), counsel for the Party intending to disclose such information shall provide to the Designating Party the identities and roles of the persons to whom such disclosure will be made, along with a copy of their current curriculum vitae in the case of independent experts or consultants, and a copy of Exhibit A hereto signed by each person so identified, so

that the designating party may object to the disclosure and/or seek relief from the Court, as appropriate.

8.    PROTECTED MATERIAL SUBPOENAED, REQUESTED, OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena, discovery request, or court order issued in other litigation that compels disclosure of any Protected Material, that Party must:

(a)    promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena, discovery request, or court order;

(b)    promptly notify in writing the party who caused the subpoena, discovery request, or order to issue in the other litigation that some or all of the material covered by the subpoena, discovery request, or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)    reasonably cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena, discovery request, or court order shall not produce any Protected Material before a determination by the court from which the subpoena, discovery request, or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court. In the event that the Designating Party fails to seek a protective order within fourteen (14) days of receiving notice as provided in paragraph 8(a) above, the Receiving Party may

14

produce Protected Information responsive to the subpoena, discovery request, or order, subject to the terms of any prior confidentiality agreement between the Receiving Party and the Designating Party.  Nothing in this Protective Order shall be construed to modify the terms of any such agreement.

9.     A THIRD PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)     The terms of this Order are applicable to information produced by a Third Party in this Action and designated as Protected Material. Such information produced by Third Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Third Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Third Party's confidential information in its possession, and the Party is subject to an agreement with the Third Party not to produce the Third Party's confidential information, then the Party shall:

(1)     promptly notify in writing the Requesting Party and the Third Party that some or all of the information requested is subject to a confidentiality agreement with a Third Party;

(2)     promptly provide the Third Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)     make the information requested available for inspection by the Third Party, if requested.

(c)    If the Third Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the

15

Receiving Party may produce the Third Party's confidential information responsive to the discovery request. If the Third Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Third Party before a determination by the court. Absent a court order to the contrary, the Third Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B), with the clarification that only in the event the claim of privilege or other protection is disputed, the Receiving Party may retain one copy of the material for the sole purpose of submitting it to the court to resolve the dispute. This provision is not intended to modify whatever procedure

may be established in an e-discovery order that provides for production without prior privilege review. Mere inadvertent disclosure in this Action of material subject to a claim of privilege or other protection shall not effect a waiver of such privilege or other protection.

12.   MISCELLANEOUS

    12.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

    12.2   Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

    12.3   Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

    12.4   Nothing in this Protective Order shall be construed to bar counsel from rendering advice to their clients with respect to this litigation and, and in the course thereof, relying upon, without disclosing, any information designated hereunder.

13.   FINAL DISPOSITION

    Within 60 days of a written request by the Designating Party, such request to

be made after final disposition of this Action as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  The return (as opposed to destruction) of Protected Material shall be at the Designating Party's expense, including professional fees reasonably incurred in collecting the Protected Material for return. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material except as provided herein. Notwithstanding this provision, Outside Counsel of Record are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

//

//

//

//

//

//

//

14.    Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED this 24th day of March, 2023.


By:   */s/ Frederic M. Douglas*          By:   */s/ Jason A. Wrubleski*

    Frederic M. Douglas, SBN 212778    Omid E. Khalifeh, SBN 267340
    Attorney At Law    omid@omnilg.com
    15333 Culver Drive, Suite 340    Ariana Santoro, SBN 300767
    Irvine, California 92604-3051    ariana@omnilg.com
    Tel: (949) 293-0442    Louise Jillian Paris, SBN 347801
    Fax: (949) 203-8768    jillian@omnilg.com
    fdouglas@cox.net    Omni Legal Group
        2029 Century Park E, Suite 438
        Los Angeles, California 90067
*Attorney for Defendants,*    Phone:   (310) 276-6664
*Win Elements LLC and John Nguyen*    Facsimile:  (310) 305-1550

        Nika Aldrich (admitted *pro hac vice*)
        naldrich@schwabe.com
        Scott D. Eads (admitted *pro hac vice*)
        seads@schwabe.com
        Jason A. Wrubleski, SBN 251766
        jwrubleski@schwabe.com
        Schwabe, Williamson & Wyatt, P.C.
        1211 SW 5th Ave., Suite 1900
        Portland, OR 97204
        Phone: (503) 796-2900
        Facsimile:  (503) 796-2900

        *Attorneys for Plaintiff*


*The filer attests that all other signatories listed, on whose behalf this filing is submitted, concur in the filing's content and have authorized filing.*

19

1
2    **FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**
3
4
5    DATED: March 27, 2023
6                          _____
7
8
9    _____
     HON. KENLY KIYA KATO
10   United States Magistrate Judge
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____[print or type full name], of _____ [print or type name of employer], declare under penalty of perjury, that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *Yondr, Inc. v. Win Elements, LLC, et al.*, No. 5:21-cv-02105-JGB-KK (C.D. Cal.). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after the termination of this action. I further acknowledge that any improper or unauthorized disclosure or use of any Protected Material in any manner contrary to the provisions of the Protective Order will cause the designating party irreparable harm for which monetary damages are an inadequate remedy, and therefore in the event of any such disclosure or use the disclosing party shall be entitled to equitable relief against me, including specific performance and injunctive relief, without the requirement of posting

bond or other security.

(Experts and consultants only.)  I disclose the following entities that I have performed work for in the last five years relating to cases for mobile devices:

_____

_____

_____

_____.  If I have been retained as a consulting or testifying expert by a Party in this matter, I hereby agree that, to the extent I have an opportunity to be retained or employed by any company to perform services related to cases for mobile devices during the pendency of the above-referenced litigation, then I will immediately disclose that information to the Parties in advance of accepting such employment.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed:

_____

Printed name: _____

Signature: _____